**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4556**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CARLOS PERRERA CORTEZ, a/k/a Juan Hernandez, Jr., a/k/a Juan Cortez,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00223)

Submitted: April 28, 2008          Decided: May 23, 2008

Before GREGORY and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Algernon Williams, Sr., LAW OFFICE OF ALGERNON WILLIAMS, SR., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Juan Carlos Perrera Cortez pled guilty to possession with intent to distribute methamphetamine, and aiding and abetting the same, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2007) and 18 U.S.C. § 2 (2000). The district court sentenced him to 121 months in prison. Cortez timely appealed. Cortez's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of Cortez's sentence on the ground that the district court failed to adequately consider the factors of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007).

We review the sentence imposed by the district court for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). In reviewing the sentence, the appellate court must first determine whether the district court committed "significant" procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. If the sentence "is procedurally sound," the appellate court then considers the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of

the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473.

Cortez contends that the district court failed to adequately consider the § 3553(a) factors in determining his sentence. A district court must explain the sentence it imposes sufficiently for the appellate court to effectively review its reasonableness, but need not mechanically discuss all the factors listed in § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). The court's explanation should indicate that it considered the § 3553(a) factors and the arguments raised by the parties. Id. We do not evaluate the adequacy of the district court's explanation "in a vacuum," but also consider "[t]he context surrounding a district court's explanation." Id. at 381.

In this case, although the district court did not discuss individual § 3553(a) factors at sentencing, the court indicated that it considered the guidelines advisory, heard argument regarding the § 3553(a) factors, and found that the circumstances of the case did not distinguish Cortez from other "defendants who face a 121 month guideline minimum." We find that the district court adequately considered the § 3553(a) factors in stating its reasons for Cortez's sentence and that the district court did not otherwise abuse its discretion in determining Cortez's sentence. Accordingly, we conclude that the sentence imposed by the district court is reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.[*] We therefore affirm Cortez's conviction and sentence. Counsel's motion to withdraw is denied. This court requires that counsel inform Cortez, in writing, of the right to petition the Supreme Court of the United States for further review. If Cortez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cortez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]We have reviewed the issues raised in Cortez's pro se supplemental brief and find them to be without merit.